## YARLOTTE v. MITCHELL.

No. 22483.   Jan. 8, 1935.

B. C. Trice, for plaintiff in error.

Joseph D. Mitchell, for defendant in error.

ANDREWS, J.   This is an appeal from a judgment of the district court of Osage county. There is involved the matter of the appointment of the defendant in error, Joseph D. Mitchell, as guardian for the plaintiff in error, Frances Yarlotte. The plaintiff in error will be referred to as the plaintiff, and the defendant in error as the defendant.

On April 30, 1930, the plaintiff filed her verified petition in the county court, praying for an order of that court vacating and setting aside the previous order of that court appointing a guardian for her person and estate on the ground that the court never obtained jurisdiction and the proceedings were void. The court denied the relief prayed for and dismissed the petition. An appeal therefrom was taken to the district court. The district court found that the county court had obtained jurisdiction of both the person and estate of the plaintiff prior to issuing its order appointing the guardian and denied the prayer.

Here she presents but one question: Is the order of the county court of Osage county appointing Joseph D. Mitchell guardian of the person and estate of Frances Yarlotte void?

The record shows that notice of the time and place of hearing the petition for the appointment of the guardian was served upon the plaintiff. In the petition for appointment of a guardian, it was alleged that the petitioner, Frank Yarlotte, was the husband and next of kin and the person having care of Frances Yarlotte, and that it was necessary that a guardian be appointed for her. The petition complied with the statutory provisions. The court found from the actions of the plaintiff on the witness stand in the presence of the court that she was laboring under a mental strain of some kind; that she was mentally incompetent to manage her own affairs, and that it was necessary that a guardian be appointed over her person and estate. After proper notice to the plaintiff herein and her appearance in court at the hearing the county court had

jurisdiction of her person and of her property located in Osage county.

The contentions that the court never obtained jurisdiction of the person and estate of the plaintiff, and that the court failed to find facts sufficient to adjudge the plaintiff to be a person of unsound mind are without merit.

This action is not for the purpose of determining the mental condition of the plaintiff at this time. It is an attack upon the jurisdiction of the county court at the time of the appointment. The certified copy of a judgment of the district court of Montana, rendered practically five days after the appointment of the guardian, determining the mental condition of the plaintiff at the time that judgment was rendered, does not purport to prove any issue before this court.

The record shows that the county court had jurisdiction of both the person and property of the plaintiff at the time the guardian was appointed.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.